

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRUDENCE CORPORATION, <br><br> Plaintiff/Appellee, <br><br> v. <br><br> SHRED-IT AMERICA, INC., <br><br> Defendant/Appellant. | No. 08-56759 <br><br> D.C. No. CV-07-00555-AG-RNB <br><br> MEMORANDUM [*] |

Appeal From the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted February 11, 2010[**]
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and BEISTLINE,[***] Chief
District Judge.

Shred-it America, Inc. (SAI) appeals the district court's judgment in favor of

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Ralph R. Beistline, United States District Judge for the District of
Alaska, sitting by designation.

Prudence Corporation (Prudence) in Prudence's diversity action alleging breach of a franchise agreement between SAI, the franchisor, and Prudence, the franchisee. The district court determined that SAI had breached the franchise agreement by failing to timely submit proposed renewal terms to Prudence. The district court ordered the renewal of the franchise agreement under specific performance and declaratory relief, and awarded attorneys' fees and costs to Prudence. SAI challenges the court's finding of breach, and argues that the court's order of specific performance constitutes an improper rewriting of the contract. We disagree.

There is substantial evidence to support the court's finding of breach. SAI's delay of well over a year in even attempting to renew the franchise agreement was entirely unreasonable and harmful to Prudence. None of SAI's excuses for delay are legitimate.

Moreover, the district court acted properly when it ordered specific performance at the original royalty rate. According to the express terms of the franchise agreement, where a party improperly withholds its approval of any action provided for in the contract, specific performance is the proper remedy. Therefore, the court had discretion to fashion an equitable remedy of specific performance, and it did not abuse that discretion when it ordered renewal at the original royalty rate.

See Rogers v. Davis, 34 Cal. Rptr. 2d 716, 720 (Cal. Ct. App., 1994) (quoting Restatement (First) of Contracts, § 359(2)) (noting that "a 'decree [of specific performance] need not be absolute in form, and the performance that it requires need not be identical with that promised in the contract; it may be so drawn as best to effectuate the purposes for which the contract was made, and it may be granted on such terms and conditions as justice requires.'"); see also Restatement (Second) of Contracts § 358(1). Furthermore, by improperly delaying renewal of the agreement, SAI waived its right to negotiate more generous terms than those provided for in the original agreement. See Engalla v. Permanente Med. Group, Inc., 938 P.2d 903, 924 (Cal. 1997) (holding that a party's "course of delay" in performing the terms of the contract, when "unreasonable or undertaken in bad faith, may provide sufficient grounds" for a finding of waiver).

The award of fees and costs should also be upheld. According to Cal. Civ. Code § 1717(a), all attorneys' fees provisions in the contract are made reciprocal between the parties. Also, any fees provisions which are limited to certain sections of the contract must be applied to the entire contract "unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract." Cal. Civ. Code § 1717(a). The franchise agreement does not specifically note that the parties were represented by

counsel. Thus, the provisions that permit SAI to collect attorney's fees in certain instances are made applicable to this suit won by Prudence. The award of fees and costs was therefore proper.

AFFIRMED.